IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROGER DEON LOWRANCE, #251179, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-786-WHA |
| | ) |
| ROBERT BENTLEY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Roger Deon Lowrance ["Lowrance"], a state inmate. In the instant civil action, Lowrance challenges the conditions of confinement to which he is subjected at the Decatur Work Release Facility. Lowrance also complains that any funds correctional officials deduct from his work release earnings in excess of 40% violates state law,[1] and, thereby, his federal constitutional right to due process.[2] In support of this claim, Lowrance maintains that in

---

[1] Ala. Code § 14-8-6 provides, in pertinent part, as follows:

The employer of an inmate involved in work release shall pay the inmate's wages directly to the Department of Corrections. The department may adopt regulations concerning the disbursement of any earnings of the inmates involved in work release. The department is authorized to withhold from an inmate's earnings the cost incident to the inmate's confinement as the department shall deem appropriate and reasonable. In no event shall the withheld earnings exceed 40 per cent of the earnings of the inmate. After all expenses have been deducted by the department, the remainder of the inmate's earnings shall be credited to his or her account with the department....

[2] This court notes that the validity of the defendants' actions under state law with respect to the withholding of funds in excess of the 40% authorized by Ala. Code § 14-8-6 have been deemed appropriate by the Alabama Supreme Court in *Thomas v. Merritt, et al.*, --- So.3d ---, 2013 WL 6360909 (Dec. 6, 2013). The decision in *Merritt*

addition to deducting the 40% allowed by *Ala. Code* § 14-8-6 for the cost of confinement the ADOC charges fees for transportation provided by correctional personnel to/from an inmate's place of employment and laundry service for "free-world" work apparel.[3] Lowrance names Robert Bentley, Governor of the State of Alabama, Kim Thomas, Commissioner of the Alabama Department of Corrections, and Batina Carter, Warden of the Decatur Work Release Facility, as defendants in this cause of action.

Upon review of the factual allegations presented in the complaint and the assertions set forth by the plaintiff in his motions to change venue, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama in accordance with the directives of 28 U.S.C. § 1404.[4]

## II.  DISCUSSION

A civil action alleging violations of an prisoner's constitutional rights may be brought "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if

---

may therefore impact any potential federal due process claim regarding the improper taking of funds as this right is generally defined by state law, law which was decided adversely to the plaintiff in *Merritt*.

[3] Although Lowrance also complains that correctional officials deduct fines and child support payments from his earnings, these deductions occur pursuant to orders issued by the state courts, not because of policies implemented by the Alabama Department of Corrections.

[4] Lowrance filed an application for leave to proceed *in forma pauperis* in this case. *Doc. No. 14*. However, under the circumstances of this case, the court concludes that assessment and/or collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law, however, further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The Decatur Work Release Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the conditions and actions about which Lowrance complains are occurring in the Northern District of Alabama. In addition, defendant Carter resides in the Northern District of Alabama, as do all individuals with personal knowledge of the alleged violations of Lowrance's constitutional rights. Although by virtue of their positions as Governor and Commissioner defendants Bentley and Thomas reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state. Consequently, the majority of witnesses and evidence associated with this case are located in the Northern District of Alabama. Moreover, the plaintiff argues that because "the incidents [made the basis of this complaint] are [occurring] at Decatur Alabama Work Center in Morgan County Alabama ... in the Northern District [of Alabama] ... [this case] should be transferred" to the United States District Court for the Northern District of Alabama. *Motion to Change Venue - Doc. No. 10* at 1.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case be transferred to the United States District Court for the

Northern District of Alabama for review and determination.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's motion to change venue be GRANTED.

2. This case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.[5]

It is further

ORDERED that on or before November 21, 2014 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

---

[5] In transferring this case, this court makes no determination with respect to the merits of the plaintiff's claims for relief.

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of November, 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE